UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SENECA JONES | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:16-CV-1282 |
| | § | |
| TUBAL-CAIN HYDRAULIC SOLUTIONS, INC., TUBAL CAIN INDUSTRIES, INC., TUBAL-CAIN HOLDINGS, LLC, TUBAL-CAIN MARINE SERVICES, INC., TUBAL-CAIN INDUSTRIAL SERVICES, INC., TUBAL-CAIN GAS FREE SERVICES, INC., TUBAL-CAIN RENTALS, INC. TUBAL-CAIN MARINE SERVICES - DEVALL FLEET, INC., and TUBAL-CAIN GAS FREE SERVICES-DEVALL FLEET, INC. | § | |
|    Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

      Plaintiff Seneca Jones complains of defendants Tubal-Cain Hydraulic Solutions, Inc., Tubal Cain Industries, Inc., Tubal-Cain Holdings, LLC, Tubal-Cain Marine Services, Inc., Tubal-Cain Industrial Services, Inc., Tubal-Cain Gas Free Services, Inc., Tubal-Cain Rentals, Inc., Tubal-Cain Marine Services - Devall Fleet, Inc., and Tubal-Cain Gas Free Services - Devall Fleet, Inc., (collectively referred to as 'Tubal-Cain" or "Defendants" ) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. and the Civil Rights Act of 1866, 42 U.S.C. §1981. For these causes of action, Plaintiff would show the Court the following:

## I.  PARTIES, JURISDICTION AND VENUE

1. Jones is a citizen of the state of Texas, who at all relevant times worked for Tubal-Cain Hydraulic Solutions, Inc. and/or the other Tubal-Cain Defendants.

2. Defendant Tubal-Cain Hydraulic Solutions, Inc. is a Texas corporation doing business in the State of Texas.  Tubal-Cain Hydraulic Solutions, Inc. may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

3. Defendant Tubal Cain Industries, Inc. is a Texas corporation doing business in the State of Texas.  Tubal Cain Industries, Inc. may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

4. Defendant Tubal-Cain Holdings, LLC is a Texas corporation doing business in the State of Texas.  Tubal-Cain Holdings, LLC may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

5. Defendant Tubal-Cain Marine Services, Inc., is a Texas corporation doing business in the State of Texas.  Tubal-Cain Marine Services, Inc., may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

6. Defendant Tubal-Cain Industrial Services, Inc., is a Texas corporation doing business in the State of Texas.  Tubal-Cain Industrial Services, Inc., may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

7. Defendant Tubal-Cain Gas Free Services, Inc., is a Texas corporation doing business in the State of Texas.  Tubal-Cain Gas Free Services, Inc., may be served by serving its registered

agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

8. Defendant Tubal-Cain Rentals, Inc., is a Texas corporation doing business in the State of Texas. Tubal-Cain Rentals, Inc., may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

9. Defendant Tubal-Cain Marine Services - Devall Fleet, Inc., is a Texas corporation doing business in the State of Texas. Tubal-Cain Marine Services - Devall Fleet, Inc., may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

10. Defendant Tubal-Cain Gas Free Services - Devall Fleet, Inc., is a Texas corporation doing business in the State of Texas. Tubal-Cain Gas Free Services - Devall Fleet, Inc., may be served by serving its registered agent Edward J Van Huis III, 5615 Hudnall Road, Orange, TX 77632 and/or 5665 North Main, Vidor, TX 77662.

11. This court has jurisdiction to hear Mr. Jones' claims under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district and division under 28 U.S.C. § 1391(b).

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELINESS OF SUIT

12. Plaintiff filed a Charge of Discrimination within 300 days of Defendants illegal actions. The charge was filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated Plaintiff's Charge and issued a Determination (**Exhibit A**) finding that Tubal-Cain illegally discriminated against Plaintiff, subjected Plaintiff to a hostile work environment and constructively discharged him. On or about February 22, 2016, Plaintiff received a "Notice of Right to Sue" letter (**Exhibit B**) from the EEOC. This action is filed within ninety (90) days of

receipt of that notice. This action is also filed within four years of Defendants' illegal and discriminatory actions in violation of 42 U.S.C. §1981.

### III. FACTUAL BACKGROUND

13. Defendants hired Mr. Jones, who is African-American, in or about February 2012 to the position of Lead Hydraulics Technician.

14. Defendants acted as joint employers of Mr. Jones, an integrated enterprise, and/or otherwise acted in a manner to disregard corporate formalities or that make Defendants jointly and/or severally liable. For example, while Defendants hired Mr. Jones ostensibly as an employee of Tubal Cain Hydraulics, Defendants had Mr. Jones do work for other Tubal-Cain entities at the locations of other Tubal-Cain entities and under the direction of other Tubal-Cain entities. Defendants share email, information technology and web services, benefits and human resource functions. Upon information and belief, Defendants' parent entities shared and exercised control over subsidiary entities including Tubal Cain Hydraulics, including setting employment policies, controlling litigation of subsidiary entities, and exercising other control or taking other actions subjecting Defendants to liability in this action.

15. While Mr. Jones worked at Tubal-Cain, Tubal-Cain employees, including Mr. Jones's supervisor, Brent Hulsey, regularly made outrageous racist statements towards Mr. Jones, including frequently calling him "nigger" and "boy" (in a racially derogatory way) and making highly offensive racial "jokes" and comments. The racist comments were frequent and common place, including highly offensive racist "jokes" such as "What do niggers and Christmas lights have in common? They both hang from porches and barely half of them work" and "What do you call 100 niggers buried up to their heads for 100 yards long and 50 yards across? Afro turf."

16.     Mr. Jones reported to Supervisor Hulsey that employees were calling him "nigger" and making offensive racial jokes. Mr. Jones also spoke with Supervisor Hulsey that other employees would not follow orders or listen to instructions from him. Although Supervisor Hulsey initially said he would "take care of it," the situation continued and, in fact, got worse. Supervisor Hulsey himself began making racist statements and "jokes" towards Mr. Jones, including calling Mr. Jones "nigger." Supervisor Hulsey was also present on multiple occasions when other employees made racist comments and Hulsey took no action. Mr. Jones made it clear to Supervisor Hulsey and others on numerous occasions that he did not like the racist comments and behavior and asked them to stop, however, the racist comments and behavior continued.

17.     In addition to the racially outrageous and offensive language, supervisor Hulsey and other Tubal-Cain employees regularly treated Mr. Jones in a discriminatory manner regarding work assignments. Mr. Jones was typically not assigned to jobs in which he would have the opportunity to work longer hours and make more pay, but was often told to stay in the shop and do cleaning and inventory while others were assigned the more lucrative, desired projects.

18.     On or about June 25, 2012, Tubal-Cain employees drew a "hangman" picture on the inside of a box truck that showed a hanging stick figure and the name "Seneca" underneath it. Employees had taken pictures of it and were texting or emailing the pictures around to each other. Mr. Jones found the "hangman" highly offensive, physically threatening, and was afraid for his life.

19.     Mr. Jones reported the situation to his supervisor, Tim Dimmick. Although Mr. Dimmick told Mr. Jones words to the effect that he would take care of the situation, on or about June 29, 2012, Tubal Cain employees drew a second "hangman" drawing with the name "Seneca" on the same box truck. A copy of the second hangman drawing, which was photographed by Mr. Jones,

is attached as **Exhibit C**. Mr. Jones again told Mr. Dimmick about the second "hangman" drawing and told him that he felt threatened and afraid for his life.

20. After Mr. Jones left work on or about June 29, 2012, he became aware that his tire had been slashed while he had been at work. (**Exhibit D**) Given the entire situation, including the fact that management had been aware of both the ongoing racial harassment and the two hangman drawings, Mr. Jones had no confidence that Tubal-Cain management had the intention or ability to address the outrageous racial discrimination going on at the job site. Mr. Jones felt his safety and well-being were threatened if he continued to work at Tubal-Cain and decided he could not return.

## IV.  CAUSES OF ACTION

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

22. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

23. Defendants are employers within the meaning of Title VII.

24. Defendants discriminated against Plaintiff because of his race (African-American), subjected Plaintiff to a hostile working environment, and constructively discharged Plaintiff in violation of Title VII.

### CIVIL RIGHTS ACT OF 1866

25. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if they were set forth within this cause of action.

26. Defendants' actions, as described herein, constitute unlawful discrimination on the basis of Plaintiff's race and violations of 42 U.S.C. §1981, as amended.

## V.  DAMAGES

27.  As a direct and proximate result of Defendants' conduct set forth in this Complaint, Plaintiff has suffered and will continue to suffer real and serious damages.  Defendants' illegal actions caused Plaintiff fear for his personal safety, emotional pain, mental anguish, suffering, embarrassment, humiliation, loss of enjoyment of life, and other compensatory damages.  Defendants' illegal actions have resulted in lost income, benefits and other economic damages.  Defendants engaged in discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.  As a result of Defendants' violations of law, Plaintiff requests that he be awarded all actual, economic, compensatory, punitive and other damages or remedies to which he proves himself entitled, equitable, statutory or otherwise, and attorney fees, expert fees, expenses and costs.

## VI.  ATTORNEY FEES AND COSTS

27.  Plaintiff is entitled to and requests an award of attorney fees and costs, including under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

## VII.  JURY DEMAND

28.  Plaintiff requests a jury on all issues so triable.

## VIII.  PRAYER

Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for all damages, interest as allowed by law, attorneys fees and costs of Court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By:    /s/    Robert W. Schmidt

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

THE ESTEFAN FIRM, P.C.
Ron Estefan
State Bar No. 00785851
2306 Mason Street
Houston, Texas 77006
(713) 333-1100
(713) 333-1101 (fax)
ron@ronestefanlaw.com

ATTORNEYS FOR PLAINTIFF